IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius Jones, #322016, | ) C/A No.: 1:12-115-RBH-SVH <br> ) |
| Petitioner, | ) <br> ) |
| vs. | ) <br> ) REPORT AND RECOMMENDATION |
| Michael McCall, Warden Perry Correctional Institution, | ) <br> ) <br> ) |
| Respondent. | ) |

Petitioner Demetrius Jones is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #23, #24]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by July 16, 2012. [Entry #25]. Petitioner filed a response/motion for summary judgment on June 26, 2012. [Entry #27]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied.

I.   Factual and Procedural Background

According to the solicitor's presentation of facts at the guilty plea, the criminal charges underlying Petitioner's habeas petition arose from a one-hour crime spree on March 8, 2004 involving Petitioner and his two co-defendants, Willis Dorsey and Cody Waters. [Entry #24-1 at 59-65]. The three men burglarized a house in the middle of the night, then left, robbed, stripped and pistol-whipped another individual, and ended the night by shooting a third person on a bicycle.   The person shot was later identified as Kent Phillips, who lived long enough to tell authorities he had been robbed by three men, along with a description of the vehicle they drove. Based upon Phillips' description, authorities chased a red Ford Explorer down a dead-end street, where the vehicle wrecked into a trailer, and the three defendants jumped out and fled. Petitioner and Waters were initially able to avoid authorities, but they were subsequently identified by Dorsey, who was found in the bushes.   Police also found a .38 pistol and a shotgun nearby.

Petitioner was indicted by the Marion County grand jury in February 2005 for murder, armed robbery, assault and battery of a high and aggravated nature (ABHAN), and two counts of possession of a weapon during the commission of a violent crime. [Entry #24-1 at 160-162].   Petitioner was represented by Henry Anderson, Esq. and pled guilty to voluntary manslaughter, armed robbery, and ABHAN before the Honorable Michael J. Nettles on May 21, 2007. [Entry #24-1 at 5-35].   Attorney Anderson also represented Dorsey. [Entry #24-1 at 37]. Upon agreement of the parties, Petitioner received a 10 year sentence on the ABHAN charge with sentencing deferred on the voluntary manslaughter and armed robbery charges. [Entry #24-1 at 33-34]. Thereafter, Petitioner and Dorsey

appeared before the Honorable Howard P. King for sentencing on May 23, 2008. [Entry #24-1 at 36-83]. Due to missing paperwork, Judge King engaged in further colloquy and made his own determination concerning Petitioner's guilty plea. [Entry #24-1 at 38-39]. Additionally, Judge King inquired into Attorney Anderson's dual representation and as a result of the inquiry, both Petitioner and Dorsey waived any conflict of interest. [Entry #24-1 at 54-59]. Judge King accepted Petitioner's plea and sentenced him to concurrent sentences of 25 years for voluntary manslaughter and armed robbery, to be served concurrent to the 10 year sentence he had received on the ABHAN charge. [Entry #24-1 at 81]. Petitioner did not appeal from his guilty plea.

Petitioner filed an application for post-conviction relief ("PCR") on August 22, 2008, in which he alleged (1) ineffective assistance of counsel and (2) conflict of interest. [Entry #24-1 at 86]. A PCR evidentiary hearing was held before the Honorable Benjamin H. Culbertson on December 18, 2008, at which Petitioner and his counsel, Johnny Gardner, Esq. appeared. [Entry #24-1 at 96-151]. On February 6, 2009, Judge Culbertson entered an order of dismissal. [Entry #24-1 at 152-159].

Petitioner appealed from the denial of PCR. [Entry #24-2]. He was represented by Appellate Defender M. Celia Robinson of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a petition for writ of certiorari in the South Carolina Supreme Court on November 25, 2009, raising the following issue: "Did the PCR judge err in denying relief despite the fact that the evidence established an actual conflict of interest in the representation provided to petitioner so that his guilty plea was entered in violation of the State and Federal constitutional guarantees of effective,

independent, counsel and due process of law?" [Entry #24-3 at 3]. Certiorari was granted on April 7, 2011. [Entry #24-5]. On or about May 5, 2011, Petitioner filed a brief through his then-counsel Lanelle Cantey Durant of the South Carolina Commission on Indigent Defense. [Entry #24-6]. On November 28, 2011, the South Carolina Supreme Court issued an order dismissing certiorari as having been improvidently granted. [Entry # 24-8]. The remittitur was issued on December 15, 2011. [Entry #24-9].

Petitioner filed this federal petition for a writ of habeas corpus on December 29, 2011. [Entry #1].[1]

II.     Discussion

   A.     Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     Actual conflict of interest in representation rendered his guilty plea in violation of state and federal Constitutional guarantees and due process.

Supporting Facts: Mr. Anderson was retained to represent Petitioner and his co-defendant at the same time and same charges. Petitioner's co-defendant agreed to "give up" petitioner and he made a statement implicating Petitioner. Mr. Anderson used co-defendant's statement implicating Petitioner as evidence in mitigation during co-defendant's plea and sentencing. Mr. Anderson made no such arguments on behalf of Petitioner. He could not because Petitioner was not the first to cooperate and he never implicated his friend, co-defendant. Petitioner

---

[1] The petition was received by the court on January 10, 2012 and docketed on January 11, 2012. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner dated his petition December 20, 2011, but his envelope indicates the petition was deposited in the prison mailing system on December 29, 2011.

was asked to waive a conflict of interest and he agreed, but did not understand what a conflict of interest was.

[Entry #1 at 5].

> B. Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint

filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

#### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available

> in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States pre Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan.*" 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

        b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

    . . . [state procedural rules promote] not only the accuracy and efficiency of

judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider

claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    4.  Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a

fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' ... [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (*quoting Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

Petitioner cannot satisfy the *Strickland* test. He has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157-158 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue. As a result, Petitioner has failed to show he is entitled to federal habeas corpus relief.

D. Analysis

1. Procedurally-Barred Grounds

Petitioner's claim is exhausted to the extent it is based on the claim raised at PCR, that Attorney Anderson was ineffective as a result of an actual conflict of interest in representing Petitioner and his codefendant. To the extent that Petitioner intends to assert a due process claim concerning the dual representation, the undersigned agrees with Respondent that such a claim is procedurally-barred because it was not raised in a direct appeal or PCR appeal, and he has not otherwise demonstrated cause for the default and

actual prejudice or a miscarriage of justice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

2.  Merits Review

In his claim in Ground One, Petitioner alleges that counsel was ineffective as a result of an actual conflict of interest. Specifically, Petitioner argues that the state courts were unreasonable in determining that there was no actual conflict in Attorney Anderson's representation of both him and Dorsey because Attorney Anderson used the fact of Dorsey's cooperation to reduce Dorsey's potential sentence. Petitioner argues that because Dorsey's cooperation included telling the police upon his apprehension that Petitioner was involved in the crime spree, that Attorney Anderson's mitigation argument for Dorsey negatively impacted Petitioner's sentence.

The record reflects that Dorsey's initial statement incriminating Petitioner was given the night of the murder at the time of Dorsey's arrest and before trial counsel began his representation of either Petitioner or Dorsey. Dorsey ultimately changed his story to implicate the third codefendant, Waters, as the triggerman, thereby corroborating Petitioner's version of events. [Entry #24-1 at 113-115] (counsel testifying both clients had the same story and everyone thought Waters was the triggerman); [Entry #24-1 at 120-121]. Therefore, it does not appear that an actual conflict arose due to Dorsey's initial statement, as Petitioner suggests.

Addressing Petitioner's allegations as to this claim, the PCR court found as follows:

15

> This Court finds the allegation that trial counsel's representation fell below reasonable professional norms is without merit. This Court finds trial counsel's testimony to be more credible than that of the Applicant. Trial counsel met with the Applicant and discussed the charges. Trial counsel thoroughly discussed with the Applicant the potential for a conflict of interest, however, no actual conflict arose and no prejudice to the Applicant has been shown. This Court finds that the Applicant knew that trial counsel also represented Dorsey and that he waived any potential conflict on the record during the plea hearing with Judge King. This Court finds that trial counsel had standby counsel ready in the event one of his clients elected to proceed to trial or if any conflict arose. This Court finds that both the Applicant and Dorsey pled guilty and that no actual conflict ever arose.
>
> This Court further finds that the Applicant's plea was knowingly, intelligently, and voluntarily entered after he was fully advised of the charges, the potential punishment, and the rights he would waive by entering the plea. The Applicant was fully advised of the consequences of his plea, he stated he was satisfied with his attorney, and he stated that he was guilty and that he wished to plead guilty. The Applicant stated that he understood and wished to proceed with his plea. He stated that no one had pressured him or coerced him into entering the plea and that it was his decision. The colloquy was very thorough and leaves no doubt that the Applicant's plea was freely, intelligently, and voluntarily entered.

[Entry #24-1 at 157-159].

The PCR court had the opportunity to view the witnesses and judge their credibility accordingly, and found trial counsel's testimony to be credible. The PCR court's determination of this issue is supported by the record.

To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from dual representation, a defendant who did not object at trial must show an actual conflict of interest adversely affected his attorney's performance. *Mickens v. Taylor*, 535 U.S. 162, 168 (2002) (*citing Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980). An actual conflict of interest occurs where an attorney owes a duty to a

party whose interests are adverse to the defendant's. *Id.* at 172, n. 5. Accordingly, where the evidence shows a mere possibility that defense counsel was laboring under a conflict of interest, the petitioner has not established the constitutional predicate for his claim of ineffective assistance.

In the instant case, the state courts were not unreasonable for purposes of § 2254(d) in denying Petitioner relief because the PCR court correctly concluded that no actual conflict arose from defense counsel's dual representation of Petitioner and Dorsey. The state court record reflects that Petitioner and Dorsey's interests were not adverse, as they both gave similar statements near the same time that implicated all three co-defendants while also admitting their own participation. [Entry #24-1 at 120-121]. Both Petitioner and Dorsey stated that Dorsey was armed with a shotgun while Petitioner carried a handgun and the victim was not shot with a shotgun. [Entry #24-1 at 63-65]. Defense counsel's use of different mitigation arguments for Petitioner and Dorsey did not result in their interests becoming adverse. Counsel argued in mitigation that both of his clients took responsibility for their actions. [Entry #24-1 at 72-73, 78]; they did not wish to put the victim's families through a trial [Entry #24-1 at 73-74; 78]; and wanted to be able to help raise their children. [Entry #24-1 at 74-75; 76-77].

During the state's recitation of facts, it noted Dorsey was the first one arrested [Entry #24-1 at 65] and that each of the three co-defendants gave statements, implicating themselves and the others. [Entry #24-1 at 65-66]. Defense counsel's statement that Dorsey was the first to implicate Petitioner was not adverse to Petitioner's interests, as

Petitioner had never argued he was not involved, and by the time of the second plea, he had already admitted his involvement in the crime both in his statement and his first guilty plea. [Entry #24-1 at 26, 120-121].

In sum, Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157-158 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue. As a result, Petitioner has failed to show he is entitled to federal habeas corpus relief.

III. Conclusion

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #23] be granted and Petitioner's motion for summary judgment [Entry #27] be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 23, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).