IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Demetrius Jones, | ) | Civil Action No.: 1:12-00115-RBH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Michael McCall, PCI Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [ECF No. 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on December 29, 2011[1].

On June 8, 2012, Respondent filed his [ECF No. 23] Motion for Summary Judgment, along with a return and memorandum, [ECF No. 24]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 21, 2011, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. On June 26, 2012, Petitioner filed his [ECF No. 27] Motion for Summary Judgment and Response in Opposition to the respondent's summary judgment motion.

This matter is now before the court with the [ECF No. 28] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges,[2] filed on August 23, 2012. In her R & R, the Magistrate Judge recommended that the court should grant Respondent's Motion for

---

[1] The filing date has been determined by utilizing the date when the envelope was deposited with the Lee Correctional mailroom on December 29, 2011. *See Houston v. Lack*, 487 U.S. 266 (1988).

[2] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

Summary Judgment, deny Petitioner's Motion for Summary Judgment, and dismiss Petitioner's petition. Petitioner filed timely objections to the Report on September 6, 2012.

**Standard of Review of Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Applicable Law**

I.  Habeas Corpus Standard

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id* § 2254(e)(1).

### **Discussion**

The procedural history of this case is set forth in the R&R.[3] The habeas petition sets forth a single ground:

Actual conflict of interest in representation rendered his guilty plea in violation of state and federal Constitutional guarantees and due process.
Supporting Facts: Mr. Anderson was retained to represent Petitioner and his co-defendant at the same time and same charges. Petitioner's co-defendant agreed to "give up" petitioner and he made a statement implicating Petitioner. Mr. Anderson used co-defendant's statement implicating Petitioner as evidence in mitigation during co-defendant's plea and sentencing. Mr. Anderson made no such arguments on behalf of Petitioner. He could not because Petitioner was not the first to cooperate and he never implicated his friend, co-defendant. Petitioner was asked

---

[3] State circuit judge Michael J. Nettles accepted guilty pleas from Petitioner Demetrius Jones and his co-defendant, Cody Waters on May 21, 2007. At the time, a bench warrant had been issued for the third co-defendant, Willis Dorsey. Both Jones and Waters entered pleas to voluntary manslaughter, armed robbery, and ABHAN. Jones was sentenced to ten (10) years on the ABHAN charge. However, sentencing on the other charges was deferred because they had agreed to testify against Dorsey. (ECF No. 24-1, p. 9). On May 23, 2008, a hearing was held before state circuit judge Howard P. King in the matter. All three co-defendants were present. Jones and Dorsey were represented by retained counsel, Hank Anderson. Defendant Waters had separate counsel. The Solicitor informed the court that the documentation had been misplaced regarding the guilty pleas of Jones and Waters. Therefore, Judge King engaged in the plea colloquy with these defendants as well as Defendant Dorsey who had also decided to plead guilty. Dorsey entered a plea to armed robbery, ABHAN, and possession of a weapon during commission of a violent crime and was sentenced to twenty (20) years, concurrent. Jones and Waters were sentenced to twenty-five (25) year terms for voluntary manslaughter and also for armed robbery, to run concurrently with the ABHAN sentence already imposed. Both Dorsey and Jones waived any conflict by attorney Anderson on the record before Judge King.

to waive a conflict of interest and he agreed, but did not understand what a conflict of interest was. [Entry #1 at 5].

The Magistrate Judge recommends a finding that, "to the extent that Petitioner intends to assert a due process claim concerning the dual representation . . . such a claim is procedurally-barred because it was not raised in a direct appeal or PCR appeal, and he has not demonstrated cause for the default and actual prejudice or a miscarriage of justice." (R&R, p. 14-15). Petitioner has not objected to this finding, other than a blanket, non-specific objection to the entire R&R, and the Court finds no clear error in this finding.

The Magistrate also recommends a finding that Petitioner has failed to show that the state courts unreasonably applied federal law in determining that no actual conflict arose from defense counsel's dual representation of the petitioner and his co-defendant, Willis Dorsey. Petitioner specifically objects to this finding. First, he contends that an actual conflict existed because defense counsel mentioned in mitigation at the sentencing of his co-defendant, Dorsey, the initial statement made by Dorsey which implicated Petitioner instead of a later statement in which Dorsey implicated a third co-defendant, Waters, who was not represented by the same attorney. (Counsel stated on behalf of Defendant Dorsey, "Judge, he actually gave up Demetrius Jones, I think the next morning or later the next afternoon." ECF No. 24-1, p. 73.) At this point, Petitioner had already entered a guilty plea and had already admitted his involvement in the crime in a statement given to law enforcement. Counsel called the court's attention to Jones' cooperation in that he had been prepared to testify at trial against co-defendant Dorsey if necessary. If the case had gone to trial, counsel had arranged for stand-by counsel to represent Dorsey. ECF No. 24-1, p. 125. This Court concludes that the state PCR court did not unreasonably apply federal law, nor was there an unreasonable determination of factual issues by the state PCR court.

4

Next, Petitioner contends that his plea was not voluntarily made because he would not have entered it had he known that Dorsey's murder charge was being dismissed and that Dorsey received a negotiated 20 year sentence. The Court notes that Petitioner did not raise in his habeas petition any issues relating to the voluntariness of his guilty plea. Nevertheless, as noted by the respondent, the solicitor "mistakenly stated he had entered into a negotiated plea with Dorsey, but after conferring with defense counsel, corrected himself stating each of the three co-defendants' pleas would be open. . . Similarly. . . Dorsey, while asking for a reduced sentence claimed he was offered a 20 year plea deal, but according to defense counsel's PCR testimony, which was found credible, the only plea deal which was (initially) offered to both his clients and was a plea to voluntary manslaughter with no sentencing recommendation." (ECF No. 24, p. 22, note 5). This argument lacks merit.

Petitioner next objects to the portion of the R&R which states that Dorsey was armed with a shotgun and Jones with a handgun and that the victim was not shot with a shotgun. He asserts that the autopsy report said the victim was killed by a gunshot wound but did not state the type of gun with which the victim was shot. He therefore asserts that "Dorsey having a shotgun doesn't justify the fact that Dorsey's murder charged (sic) has been dropped." (Objections, p. 2). The record reveals that the Solicitor informed the court that all of the defendants agreed in their statements that Dorsey had a shotgun and Waters and Jones had handguns "and we know that Mr. Phillips was not shot with a shotgun. We don't know whether he was shot at with a shotgun, but we know he wasn't hit with a shotgun." (ECF No. 24-1, p.62). Officer Feagin stated that Dorsey was the defendant who was caught at the scene and that no gunshot residue was found on him. (ECF No. 24-1, p.65). Petitioner appears to disagree with the state dropping the murder charge as to Dorsey and with the

5

20-year sentence that he received. This was apparently based on the solicitor's view of the evidence that Dorsey was not the triggerman. However, there is still no showing of an actual conflict by defense counsel.

The Court has reviewed the petitioner's remaining arguments and finds that they lack merit.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right." Thus, this court denies a certificate of appealability.

## Conclusion

Based on the foregoing, the court hereby overrules all of Petitioner's Objections, and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore **ORDERED** that Respondent's [23] Motion for Summary Judgment is **GRANTED**, Petitioner's [27] Motion for Summary Judgment is **DENIED**, and the § 2254 Petition is **DISMISSED**, without an evidentiary hearing.

Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

Thus, this court denies a certificate of appealability.

**IT IS SO ORDERED.**

                                                   s/R. Bryan Harwell  
                                                   R. Bryan Harwell  
                                                   United States District Judge

Florence, South Carolina  
November 15, 2012